UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20483-JEM(s)

UNITED STATES OF AMERICA

v.

JEAN JOSEPH,
     a/k/a "Jon,"

          Defendant.
_____/

## FACTUAL PROFFER

The defendant JEAN JOSEPH (the "defendant"), his counsel, and the United States agree that, had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

*Background*

1.     A "promissory note" is a financial instrument that contains a written promise by one party to pay another party a definite sum of money, either on demand or at a specified future date. A promissory note contains key terms pertaining to the debt and obligation, such as the principal amount, interest rate, maturity date, place of issuance, and issuer's signature.

2.     A *"Ponzi"* or *"Ponzi* scheme" is an investment fraud scheme that involves the payment of claimed returns to existing investors from funds contributed by new investors. *Ponzi* scheme organizers often solicit new investors by promising to invest funds in opportunities claimed to generate high returns with little or no risk. In many *Ponzi* schemes, the participants focus on attracting new money to make promised payments to earlier-stage investors to create the false appearance that investors are profiting from a legitimate business. *Ponzi* schemes require a consistent flow of money from new investors to continue and tend to collapse when it becomes difficult to recruit new investors or when a large number of investors ask for their money back.

*Overview of the Defendant's Scheme*

3.     Between 2019 and 2024, the defendant and Janalie Camille Bingham a/k/a Janalie C. Joseph ("Bingham") agreed to engage in monetary transactions of a value greater than $10,000 in property derived from wire fraud.   The defendant knew about the plan's unlawful purpose and voluntarily joined in it.

4.     The defendant and Bingham formed Wells Real Estate Investment, LLC ("Wells Real Estate") in or around 2017.   The defendant put the company in Bingham's name because of, *inter alia*, debts he owed at the time.   The defendant controlled the company, although he did not hold an official position.   Later in time, when the defendant became a convicted felon, he and Bingam concealed the defendant's control over the company from the investing public.

5.     On or about April 18, 2019, with regards to separate conduct, the defendant was arrested and had his initial appearance in *United States v. Jean Joseph*, 19-CR-20177.   The defendant was released on bond under Title 18, United States Code, Chapter 207.   The defendant would later plead guilty and be sentenced to a term of incarceration.   In or around June 2020, the defendant surrendered to the Bureau of Prisons to serve his sentence.

6.     On or about October 15, 2019, in the Southern District of Florida, the defendant and Bingham opened an account at Bank of America in the name of Wells Real Estate ending in 5029 ("Wells Real Estate Account x5029").   Because of the defendant's pending criminal prosecution, Bingham was the sole signer on the account.   The defendant directed Bingham to make certain transactions in the account, including while he was incarcerated.

7.     Beginning in approximately 2019, and continuing until approximately 2024, the defendant and Bingham agreed to sell, and in fact sold, promissory notes through Wells Real Estate based on false and fraudulent misrepresentations and knowingly false and fraudulent omissions.

The defendant and Bingham used employees of Wells Real Estate and external sales consultants to sell the notes. In total, the defendant and Bingham raised over $50 million from the scheme. The majority of the proceeds were wired into, or otherwise credited to, Wells Real Estate Account x5029.

8. In or around January 2020, the defendant worked with Individual 1 to help develop marketing materials for the scheme. Individual 1 used a pseudonym to hide his real identity because he too, like the defendant, was under criminal indictment at the time.

9. The defendant and Bingham misrepresented that the money raised from the notes would be used to add "value to existing residential and commercial assets and zoned parcels of land to be used as long-term revenue-generating properties." This was not true. The defendant and Bingham used only a small portion of the proceeds towards real estate. Instead, the defendant spent approximately $28 million of investor money on speculative equities trading.

10. The defendant and Bingham misrepresented to investors that the notes were secured by a valuable portfolio of real estate assets. At one point, the defendant and Bingham asserted that the portfolio was worth $450 million. The defendant and Bingham knew this was not true. At no point did Wells Real Estate, the defendant, or Bingham own sufficient real estate to secure the notes they sold.

11. The defendant and Bingham misled investors into believing that Wells Real Estate did not pay any commissions in connection with the sale of the notes. This was not true. Wells Real Estate paid up to 15% sales commissions on every note sold. The defendant and Bingham disbursed approximately $8 million of investor money in sales commissions.

12.     The defendant and Bingham made over $8 million worth of *Ponzi*-style payments, using newer investors' money to pay back older investors.   Neither the defendant nor Bingham disclosed to investors that they were doing this.

13.     The defendant and Bingham spent approximately $3.5 million of investor money on themselves, including approximately $1.9 million used to purchase a house that the defendant and Bingham used as their primary residence.   Shortly after purchasing the home with investor funds and in the name of a limited liability company, the defendant and Bingham transferred the property into the defendant's name.

14.     The parties agree that these facts, which do not include all facts known to the United States and the defendant, are sufficient to prove the sole count of the Superseding Information.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 3/17/26

ELI S. RUBIN
ROGER CRUZ
ASSISTANT U.S. ATTORNEYS

Date: 3/17/26

CHRISTIAN DUNHAM
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 3/17/26

JEAN JOSEPH
DEFENDANT